**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                No. 96-7305

HARVEY BERNARD JOHN,
Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-92-189, CA-95-112-1)

Argued: October 29, 1997

Decided: December 10, 1997

Before WIDENER and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Reversed by unpublished opinion. Senior Judge Phillips wrote the
opinion, in which Judge Widener and Judge Ervin joined.

_____

**COUNSEL**

**ARGUED:** Thomas Ernest Booth, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellant. George F.
Fordham, Clarksburg, West Virginia, for Appellee. **ON BRIEF:** Wil-
liam D. Wilmoth, United States Attorney, Sam G. Nazzaro, Jr., Assis-
tant United States Attorney, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PHILLIPS, Senior Circuit Judge:

The government appeals the district court's order vacating and setting aside Harvey Bernard John's judgment of conviction on John's claim for relief under 28 U.S.C. § 2255. Because we find that John did not have cause for his procedural default of the claim raised in this collateral proceeding, we reverse.

I

A federal indictment charged Harvey Bernard John with engaging in a marijuana conspiracy and with perjury. The perjury count charged that John testified falsely before a federal grand jury in violation of 18 U.S.C. § 1623.**1**

At trial, the government presented John's grand jury testimony to prove the perjury offense. The government also presented to the district court, out of the presence of the jury, the testimony of the grand jury foreman to establish that John's false statements were material. Based on the foreman's testimony, the district court found that John's testimony was material. (JA 56.)

After the evidence was presented, the district judge instructed the jury on the elements of perjury, including the element of materiality. Consistent with Fourth Circuit law then in effect, the district court instructed the jury that the question of materiality is one for the court, not the jury and that it had "decided earlier in this case that each of the statements reported above are material." (Id. at 75.)

_____

**1** Section 1623 provides: "Whoever under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration . . . shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 1623(a) (1997).

2

The jury acquitted John of marijuana conspiracy but convicted him of perjury. John appealed and on November 3, 1994, this court heard oral argument on John's appeal. On January 6, 1995, the Supreme Court granted certiorari in United States v. Gaudin, 513 U.S. 1071 (1995). Gaudin was argued before the Supreme Court on April 17, 1995 and on June 19, 1995, while John's appeal was pending in this court, the Supreme Court rendered its decision in Gaudin holding that the Fifth and Sixth Amendments require that the element of materiality in the crime of making a false statement in violation of 18 U.S.C. § 1001 must be submitted to the jury. United States v. Gaudin, 515 U.S. 506 (1995).

On 16 August 1995, this court decided John's appeal, affirming his perjury conviction but reversing his sentence and remanding for resentencing. United States v. Heater, 63 F.3d 311 (4th Cir. 1995), cert. denied, 116 S. Ct. 796 (1996). After resentencing, John filed a "petition for a writ of error coram nobis" to vacate his perjury conviction on the ground that under Gaudin, the district court erred in not submitting the element of materiality to the jury. (JA 136-37.)**2** The district court construed John's petition as a motion to vacate his perjury conviction under 28 U.S.C. § 2255 and granted the relief requested. (Id. at 186-202, 204-05.)**3** The government appeals.

II

This appeal presents questions of law, which we review de novo. See United States v. Cheek, 94 F.3d 136, 140 (4th Cir. 1996).

Under 28 U.S.C. § 2255, a prisoner may petition the court to vacate, set aside, or correct his sentence on grounds that the sentence

_____

**2** This court has applied Gaudin in a prosecution under 18 U.S.C. § 1623. See United States v. Littleton , 76 F.3d 614, 617-18 (4th Cir. 1996).
**3** The district judge adopted the Proposed Findings of Fact and Recommendation of the Magistrate Judge. (Id. at 204-05.)

The government agrees that John's petition for coram nobis should be construed as a motion to vacate his sentence under 28 U.S.C. § 2255. (Appellant's Br. at 9 n.2.)

was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255 (1994). To obtain collateral relief based on errors not raised at trial or on appeal, a defendant must show "cause" excusing his procedural defaults and "actual prejudice" resulting from the error of which he complains. United States v. Frady, 456 U.S. 152, 167-68 (1982). In this case, John did not object at trial to the district court's failure to submit the materiality issue to the jury or raise the issue on direct appeal and he does not contest the government's assertion that these failures constituted a double procedural default.

The determination of whether a petitioner has "cause" for a procedural default "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard," as does a showing of ineffective assistance of counsel. Id. (citation and quotation omitted). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Id. at 496. In this case, John alleges neither ineffective assistance of counsel nor actual innocence.

Although the district court found that John had cause and prejudice for his procedural default at trial, it failed to address whether that test was satisfied for John's procedural default on direct appeal. See id. at 489-90 (noting that the Supreme Court has "plainly indicated" that the cause and prejudice test applies to procedural defaults on appeal).

John cannot establish cause for his procedural default on direct appeal because the Gaudin claim was "reasonably available" to his counsel before his appeal became final. The Supreme Court granted certiorari in Gaudin on January 6, 1995, the case was argued on April 17, 1995, and was decided on June 19, 1995. John's appeal to this court was not decided until August 16, 1995--over seven months after certiorari was granted in Gaudin and two months after Gaudin was decided. As the government notes, after Gaudin was decided, and while John's case was pending in this court, John could have brought

4

Gaudin to this court's attention by offering it as supplemental authority. See Fed. R. App. P. 28(j). Under these circumstances, we find that there was no "external impediment" preventing John's counsel from raising the Gaudin claim on direct appeal. See Murray, 477 U.S. at 492 ("[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim.").

Having found that John did not have cause for his procedural default, we need not address whether he suffered actual prejudice.

III

For the reason stated above, the district court's order vacating and setting aside John's judgment of conviction is reversed, and the judgment reinstated.

SO ORDERED

5